Summit Dev. Corp. v Hudson Meridian Constr. Group LLC (2021 NY Slip Op 05801)





Summit Dev. Corp. v Hudson Meridian Constr. Group LLC


2021 NY Slip Op 05801


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 650755/09 650172/09 650239/09 Appeal No. 14454 Case No. 2019-5811 

[*1]Summit Development Corp., Doing Business as Summit Waterproofing & Restoration Co., Plaintiff-Appellant-Respondent,
v
Hudson Meridian Construction Group LLC et al., Defendants-Respondents-Appellants, Henry Phipps Plaza South Associates Limited Partnership et al., Defendants. [And other actions]


Mastropietro Law Group PLLC, Saratoga Springs (John P. Mastropietro of counsel), for appellant-respondent.
Georgoulis PLLC, New York (Chris Georgoulis of counsel), for respondents-appellants.



Order, Supreme Court, New York County (David B. Cohen, J.), entered July 1, 2019, after a nonjury trial, to the extent it directed that judgment be entered in favor of plaintiff in the amount of $1,138,678.73 plus prejudgment interest at a rate of 9% per annum from June 28, 2009, unanimously modified, on the law, to vacate the award of $177,683.05 on requisitions 21 and 23 and the offsets in damages of $133,711 for costs incurred by defendant Hudson Meridien Construction Group LLC to bond the mechanic's lien filed March 12, 2009 and $300,000 that Hudson paid to settle claims brought against it by Bricklayer's Local 1, to award plaintiff 12% interest on requisition 24 pursuant to General Business Law § 756-c, and to remand to Supreme Court for a further award to plaintiff of 90% of the settlement of the change orders submitted to mediation between Hudson and defendant Henry Phipps Plaza South Limited Partnership, and otherwise affirmed, without costs.
Defendant Hudson, the project general contractor, submitted plaintiff subcontractor's change orders to mediation with defendant Phipps, the project owner, pursuant to the general contract. The mediation resulted in a settlement between Hudson and Phipps. Regardless of the validity or amount of any of the change orders or Hudson's or Phipps's ultimate liability, the sums paid by Phipps to Hudson under the settlement were for plaintiff's work, and, under both the subcontract and the general contract, Hudson was obligated to pay those sums to plaintiff, less 10% for its mark-up (see Digesare Mech., Inc. v U.W. Marx, Inc., 176 AD3d 1449, 1451-1452 [3d Dept 2019]).
The trial court concluded that plaintiff had willfully exaggerated its mechanic's lien filed on March 12, 2009 by including change orders on which it was not entitled to recover (see generally Lien Law §§ 39, 39-a). However, contrary to the court's finding, the architect's rejection of plaintiff's change orders was not final and binding on plaintiff, and the subcontract, while it contained a no-damages-for-delay provision, allowed plaintiff to seek reimbursement for costs due to delay not attributable to itself to the extent Hudson was reimbursed by Phipps.
Hudson's failure to pay requisition 21 did not breach the subcontract. Payment was not yet due to plaintiff on requisition 21 at the time plaintiff filed its lien, which entitled Hudson to withhold payment. Further, plaintiff does not contest that Hudson's failure to pay requisition 23 did not breach the subcontract for the same reason. However, Hudson breached the subcontract by failing to pay retainage sought in requisition 24. The subcontract required reduction of retainage from 15% to 5% upon substantial completion, which had occurred by February 2009, before plaintiff filed its mechanic's lien. Further, plaintiff is entitled to 12% interest per annum on retainage sought in requisition 24, pursuant to General Business Law § 756-c.
Hudson did not substantively respond to plaintiff's argument [*2]that it was not entitled to an offset from plaintiff of $300,000 paid to settle Bricklayer's Local 1 action against it.
We have considered and rejected the remaining arguments. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021